UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL V. ZACARIAS,

    Plaintiff,

vs.

ARNOLD SCHWARZENEGGER, Dr. S. KHAN, and JOSEPH CHUDY, M.D.,

    Defendants.

No. C 08-1494 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff contends that he "was not given proper medical treatment, when they knew I had a serious injury." He does not say who "they" are, nor does he say what the injury was. He also alleges that "after . . . they had the results back from the xrays and MRI Dr. Chudy and Dr. Khan did not use their professionalism." He does not say what he means by this. Finally, he contends that the defendant governor is liable because he "is the one who oversees the whole CDC . . . ."

The claim against the governor is a respondeat superior claim, that is, a claim that he is liable because he is superior of the people who actually violated plaintiff's rights. Such claims are not permitted in section 1983 suits such as this one. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The claim against Governor Schwarzenegger will be dismissed without leave to amend.

Plaintiff other claims are conclusory, so do not provide facts sufficient to state a claim for relief that is plausible on its face. They will be dismissed with leave to amend to allege the facts of what the remaining defendants, Chudy and Khan, are alleged to have

1 actually done that constituted deliberate indifference to a serious medical need.

## CONCLUSION

1. The claim against defendant Schwarzenegger is **DISMISSED** with prejudice.

2. For the foregoing reasons, the other claims are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 20, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\ZACARIAS1494.DWLTA.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ZACARIAS,

        Plaintiff,

  v.

ARNOLD SCHWARZENEGGER et al,

        Defendants.

Case Number: CV08-01494 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael V Zacarias T-48382
C.T.F.
WA-212
P.O. Box 705
Soledad, CA 93960-0705

Dated: May 20, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk